UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Paul Potylicki, | ) | C.A. No: 3:07-3468-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Allstate Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on the parties' cross motions for summary judgment. For the

reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted. The relief

provided is, however, limited to dismissal without prejudice.

**STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials

on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that

summary judgment should be granted "only when it is clear that there is no dispute concerning either

the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v.*

*Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine

issue of material fact, and the court must view the evidence before it and the inferences to be drawn

therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369

U.S. 654, 655 (1962). When the nonmoving party has the ultimate burden of proof on an issue, the

moving party must identify the parts of the record that demonstrate the nonmoving party lacks

sufficient evidence. The nonmoving party must then go beyond the pleadings and designate

"specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## BACKGROUND

Through this action Plaintiff Paul Potylicki ("Potylicki") seeks recovery from Defendant Allstate Insurance Company ("Allstate") for benefits under the underinsured motorist ("UIM") provisions of an insurance policy issued to Potylicki's parents. It is undisputed that Potylicki was covered under that policy when he was injured in a bicycle-car collision on Fort Jackson. The accident occurred on August 22, 2006, and followed immediately after Potylicki, who was riding a bicycle, failed to come to a complete stop at a three-way stop sign. As Potylicki crossed the intersection, he was struck by a car which had come to a complete stop before making a left turn in Potylicki's path. That car was driven by Major James Bridgett ("Bridgett"), an insured driver with a $50,000 per-person personal injury limit. Potylicki suffered significant injuries as a result of the accident.

Potylicki gave prompt notice of the accident (and his potential UIM claim) to Allstate through counsel. Potylicki's attorney subsequently asked Allstate to participate in binding arbitration between Potylicki, Bridgett and Bridgett's insurer. Allstate declined to participate in arbitration based, at least in part, on its conclusion that Potylicki was more at fault than the driver of the car. Upon receiving Allstate's rejection of the request to arbitrate, Potylicki's counsel

responded that he disagreed with but respected Allstate's position regarding liability.  He then stated

as follows:

> However, I am not asking Allstate to concede the liability issue.  I am simply asking
> Allstate to agree to have the liability and damages issues determined by an arbitrator
> as opposed to a federal court jury, proceeding in a manner that will allow this claim
> to be worked-up, presented and resolved in the most cost-effective, time-efficient
> manner.
>
> I therefore ask you to please reconsider you[r] decision not to voluntarily participate
> in the arbitration.  In my view, it is a win-win proposition for everyone involved,
> including Allstate.

Dkt. No. 24-6 (January 25, 2007 e-mail from Rob Ranson to Nettie Gass).

Allstate did not modify its position regarding arbitration.  Potylicki, nonetheless, proceeded

with  the arbitration, and Potylicki apparently agreed not to execute against Bridgett to the extent

any arbitration award exceeded Bridgett's available insurance coverage ($50,000).  The single

arbitrator concluded that Bridgett was 70% at fault because he had the last clear chance to avoid the

accident and, after a 30% comparative fault reduction due to Potylicki's failure to come to a

complete stop, awarded Potylicki $97,759.45 in damages.

Potylicki provided Allstate with a copy of the arbitration decision.  Allstate declined to

modify its position after receipt of that decision.  Indeed, Allstate's adjuster declined to even review

the substance and reasoning of the arbitration decision.

Potylicki responded by filing this action.  Allstate initially moved to dismiss based on S.C.

Code Ann. § 38-77-160 (2002).  Specifically, Allstate argued that the case was premature due to

Potylicki's failure to bring an action and obtain judgment against Bridgett.  This court denied the

motion to dismiss without prejudice to renewal of these arguments on motion for summary judgment

after a minimum period of discovery.  The order denying the motion indicated that the motion would

3

need to be supported by relevant policy provisions and evidence relating to Allstate's prior interpretations of the same.[1]

## DISCUSSION

The determinative question in this case is whether an action for benefits under the underinsured motorist ("UIM") provisions of an insurance policy is premature where the insured has not filed a legal action against the allegedly at-fault driver but has, instead, resolved his claims against the motorist through an arbitration proceeding in which the UIM insurer was invited (but declined) to participate. Allstate maintains that such a proceeding is premature in light of S.C. Code Ann. § 38-77-160 (2002) which provides as follows:

> No action may be brought under the underinsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the underinsured motorist provision. The insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability. . . . In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its appicable liability limits on behalf of its insured, the underinsured motorist insurer may assume control of the defense of action for its own benefit.

S.C. Code Ann. § 38-77-160.

The South Carolina Supreme Court addressed a closely related question in *Williams v. Selective Ins. Co. of the Southeast,* 446 S.E.2d 402 (S.C. 1994). There the court affirmed the grant of summary judgment to a UIM insurer where the insured had settled her claims with the at-fault driver's liability carrier for policy limits without first filing a legal action against the at-fault driver. The court held that the insured's claims were barred because she "failed to comply with the

---

[1]    Although not expressly stated in the order, the critical policy provisions and interpretations of concern were those involving arbitration, either between Allstate and its insured or the insured and the alleged UIM.

4

requirement [of Section 38-77-160] that she serve [the insurer with] copies of pleadings in an action against the at-fault driver," and because, by the time of the action against the UIM carrier, the statute of limitations for bringing a claim against the at-fault driver had expired.

The present case differs from *Williams* in two respects.  First, the statute of limitations for bringing a claim against the at-fault driver has not expired.  It is for this reason that Allstate does not seek dismissal with prejudice to a later claim.  Thus, the result of a ruling in Allstate's favor is less detrimental to Potylicki's interests than was the decision in *Williams* to the plaintiff in that action.

Second, Potylicki's claims against Bridgett and his insurer were resolved by an arbitration proceeding in which Allstate was invited to participate and which resulted in a determination of total damages.  By contrast, in *Williams* the resolution was by settlement for the at-fault driver's policy limits, with no determination of total damages or allocation of fault by a neutral third party.  These differences are, however, non-determinative because they do not suggest any facts in the present case which would support a finding that Allstate waived its right to insist on compliance with the statutory prerequisite to suit for UIM benefits.  *See Williams*, 446 S.E.2d at 404 n.1 (rejecting argument that insurer had waived the statute of limitations defense by failing to act on the claim until the statute of limitations had run where there was no indication of any "action by the Insurer inconsistent with an intention to rely on the statute").

While arbitration may be a preferred means of resolving disputes, nothing in the statute compels Allstate to agree to arbitration.  Neither has Potylicki directed the court to any evidence that Allstate either agreed (through contract or otherwise) to arbitrate or misled him as to its intent to rely

5

on Section 38-77-160 and not to give effect to the arbitration decision.[2]  Under these circumstances,

the court finds *Williams* to be controlling and Potylicki's claims to be premature.  *See generally*

*Williams*, 446 S.E.2d at 404 (noting that the "insured must . . . preserve the right of action against

an at-fault driver so long as the underinsured carrier has not agreed to the amount and payment of

underinsured benefits").

## CONCLUSION

For the reasons set forth above, the court finds that Potylicki's claims are premature because

he has failed to comply with S.C. Code Ann. § 38-77-160.  Defendant's motion for summary

judgment (limited to a grant of dismissal without prejudice) is, therefore, granted and Plaintiff's

motion is denied.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 22, 2008

---

[2]  The policy contains an arbitration provision which may be invoked only by mutual consent.  There is no evidence here that Allstate agreed to arbitrate in this case or that it has done sone in the case of any other South Carolina UIM claims.